872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernadine PATTON, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, Defendant-Appellee.
 No. 88-3350.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Bernadine Patton, initiated this action against United Parcel Service, Inc., (UPS) alleging that UPS has fired her on the basis of her race in violation of 42 U.S.C. Secs. 1981, 1985(3), 1986, and 1988 and Title VII of the Civil Rights Act of 1964.[1] The district court granted UPS's motion to dismiss Patton's claims under 42 U.S.C. Secs. 1985(3) and 1986. Thereafter UPS filed a motion for summary judgment on the remaining Sec. 1981 claim on December 22, 1987, claiming that Patton was fired because she had wrongfully retained paychecks to which she had no legitimate claim, deposited the checks in her savings account, and then misrepresented the situation regarding these checks. In response to this motion Patton claimed--apparently for the first time--that two other white employees, Tom Buoni and Dan Campbell, were "similarly situated," and allegedly also violated UPS's honesty or integrity policy but were treated more favorably than she.
 
 
 2
 After giving full consideration to the submissions of the parties, including numerous affidavits, the district court granted summary judgment to UPS after "viewing the evidence before the court in a light most favorable to plaintiff." The district court concluded that "plaintiff has failed to raise by affidavit or otherwise a genuine issue for trial regarding her ability to establish a prima facie case of discrimination in employment," and referred to her "inability to establish ... dissimilar treatment."
 
 
 3
 Patton raises two issues in her appeal from the grant of summary judgment to UPS, both of which are procedural in nature. We find that on the merits Judge McQuade gave careful attention to the issues presented and we affirm his decision that plaintiff failed to establish disparate treatment, or improper conduct on the part of UPS, in terminating her employment.
 
 
 4
 In essence, Patton complains that the district court erred in granting UPS leave to file a reply brief, and in granting the UPS motion for reconsideration after initially refusing to grant its summary judgment motion. Whether or not the district court treated the latter as a renewed motion for summary judgment, ample opportunity was given both parties to address the issues raised and we find no procedural error under the circumstances.
 
 
 5
 If, based on timely supplemental submissions of proof and memoranda of law a district court is persuaded that an initial ruling on a summary judgment motion is incorrect, neither the Federal Rules of Procedure nor local rules prevent the court from exercising its discretion in changing its mind and entering a different judgment. Until rendering a final decision, the district court may always modify, amend, or even rescind a prior order or one of interlocutory nature if persuaded that law or justice mandates such a result. See Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1121 (10th Cir.1979); Kirby v. P.R. Mallory & Co., 489 F.2d 904, 913 (7th Cir.1973), cert. denied, 417 U.S. 911 (1974); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858 (5th Cir.1970); Burns v. Mass. Inst. of Technology, 394 F.2d 416 (1st Cir.1968); C. Wright, A. Miller & E. Cooper, 18 Federal Practice & Procedure, Jurisdiction, Sec. 4478 (1981 and 1987 Supp.).
 
 
 6
 Judgment for defendant-appellee United Parcel Service is accordingly AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Patton's Title VII claims were dismissed by stipulation